FILED
2015 DEC 31 PM 3: 15
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE: LETTER OF REQUEST FOR JUDICIAL ASSISTANCE FROM NATIONAL COURT OF THE FIRST INSTANCE IN CIVIL MATTERS NO. 9 IN BUENOS AIRES, ARGENTINA

______________________________/

CASE NO. 3:15-mc-45-J-34 JRK

**UNITED STATES OF AMERICA'S APPLICATION FOR APPOINTMENT OF COMMISSIONER UNDER 28 U.S.C. § 1782**

The UNITED STATES OF AMERICA, through its counsel, the United States Attorney, Middle District of Florida, petitions this Court for an Order pursuant to 28 U.S.C. § 1782, appointing the undersigned Assistant United States Attorney as a Commissioner for purposes of gathering the requested evidence and taking all other necessary actions, including issuing necessary subpoenas and correspondence, to provide the assistance requested in the Letters Rogatory issued by the above-referenced Argentinian Court, pursuant to the Convention of 18 March 1970 on the Taking Evidence Abroad in Civil or Commercial Matters.

**PROCEDURAL BACKGROUND**

This application is made pursuant to a Letters Rogatory issued by the above-entitled National Court of the First Instance in Civil Matters No. 9 in Buenos Aires, Argentina, signed June 10, 2014, under the Convention On Taking Evidence Abroad in Civil or Commercial Matters, which entered into force with respect to the United States of America

on October 7, 1972. 23 UST 2555, TIAS 7444.[1] The original Spanish language Letter of Request, attached hereto as Exhibit A, and the English translation of the Letter of Request, which translation was provided by the foreign tribunal, is attached hereto as Exhibit B. In the Letters Rogatory, the Court in Argentina has requested that the United States obtain certain documents and information from Merrill Lynch (hereinafter "Merrill Lynch"), located at 701 Brickell Ave., 11th floor, Miami, Florida 33141, "to inform whether the plaintiff is the holder of savings account 195-26A82." *Id.* Merrill Lynch's corporate offices—for acceptance of subpoenas for account information—are located in Jacksonville, Florida, as follows:

Merrill Lynch Pierce Fenner & Smith, Inc.
P.O. Box 40239
Jacksonville, FL 32203

Merrill Lynch – Third Party Services
4800 Deer Lake Drive, East
Building 1 1st Floor A-Wing
Jacksonville, FL 32246

The information and documents sought are to be used in the pending litigation of *Pititto Patricia Claudia vs. Simonelli Elio Gustavo on request for permission to bring suit in forma pauperis*, File No. 100,056/12. Plaintiff wishes to file a claim for divorce, alimony, and dissolution of her martial relationship.

[1] This Convention is typically referred to as the Hague Convention On Taking Evidence Abroad and, hereinafter, will be referred to simply as the "Hague Convention" or the "Evidence Convention."

## MEMORANDUM

I. The Hague Evidence Convention.

The Convention entered into force with respect to the United States of America, on October 7, 1972. 23 UST 2555, TIAS 7444. Under Article VI of the United States Constitution, treaty provisions, such as those governing this Application, are the law of the land, on an equal footing with acts of Congress, and are binding on the courts. *See Gandara v. Bennett*, 528 F.3d 823, 830 (11th Cir. 2008)(stating that self-executing treaties are "immediately and directly binding on state and federal courts pursuant to the Supremacy Clause.")(Roders, J., concurring); *Bishop v. Reno*, 210 F.3d 1295, 1299 (11thCir. 2000) (concluding that "an Act of Congress" is on "full parity with a treaty.")

The Convention affords each participating nation the use of the judicial processes of other participating nations where such assistance is needed in civil or commercial matters, "to facilitate the transmission and execution of Letters of Request and to further the accommodation of the different methods which they use for this purpose." *Preamble to the Convention On Taking Evidence Abroad in Civil or Commercial Matters*. The Hague Convention has entered into force between Argentina and the United States as of January 30, 1988.[2] The Convention provides at Article 10 that:

> In executing a Letter of Request the requested authority shall apply the appropriate measures of compulsion in the instances and to the same extent as

[2] The United States signed the Hague Convention on July 27, 1970, and it entered into force with respect to the United States on October 7, 1972. 23 UST 2555, TIAS 7444. In lieu of signing, Argentina acceded to the Hague Convention on May 8, 1987. http://www.hcch.net/index_en.php?act=conventions.status&cid=82 The United States accepted the accession by Argentina on December 1, 1987 and, thus, the Convention entered into force between the United States and Argentina on January 30, 1988. http://www.hcch.net/index_en.php?act=status.accept&mid=484.

> are provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings.

Furthermore, Article 9 of the Convention provides, in pertinent part, that "[t]he judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed," and that a "Letter of Request shall be executed expeditiously."

II. Statutory Basis Met for Granting Request for Judicial Assistance.

Pursuant to § 1782, a federal district court has the authority to order a person or entity residing within its district to produce a document or other thing for use in a proceeding in a foreign or international tribunal. The court may direct that the document or other thing be produced before a person appointed by the court. By virtue of the appointment, a Commissioner has the power to administer any necessary oath and take the evidence on behalf of the foreign tribunal. 28 U.S.C. §1782.[3]

---

[3] Specifically, § 1782(a) provides as follows:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure. A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

The Eleventh Circuit has identified several statutory prerequisites for bringing an action pursuant to 28 U.S.C. § 1782: (1) the request is made by a foreign tribunal or interested person; (2) the request is for evidence, whether testimonial in nature, or the production of an item; (3) the evidence is for use in a proceeding before a foreign tribunal; and (4) the person [or entity] from whom evidence is sought is found within the district of the district court to which the request is made. *In re Patricio Clerici*, 481 F.3d 1324, 1331-32 (11th Cir. 2007). Upon meeting these prerequisites, a district court has the authority to grant the § 1782 request, although not required to grant such request. *Id.* at 1333.

The statutory prerequisites for commencing an action under § 1782 have been met. The request is from the Argentinian Court, a foreign tribunal, seeking to obtain evidence, ostensibly testimonial and documentary. The evidence requested is to be used in the pending proceeding of *Pititto Patricia Claudia vs. Simonelli Elio Gustavo on request for permission to bring suit in forma pauperis*, File No. 100,056/12. Last, Merrill Lynch's corporate office for accepting a subpoena, seeking the requested evidence, is found in the Middle District of Florida, Jacksonville Division.[4] Hence, the statutory requirements for bringing a § 1782 action have been met.

---

[4] In the Letters Rogatory, the Argentinian Court provided the address of Merrill Lynch as701 Brickell Ave., 11th floor, Miami, Florida 33131. However, Merrill Lynch, like many other banking and/or investment institutions, have designated offices which accept and and/or handle all requests for account information. Merrill Lynch's centralized office for service and/or acceptance of subpoenas is located in the Middle District of Florida. Hence, because compliance with the request for evidence sought by the Argentinian court appears to be in the Middle District of Florida, it is respectfully submitted that the fourth *Clerici* element is met.

III. Discretionary Factors Weigh in Favor of Granting Judicial Assistance.

Although the statutory prerequisites for authorizing a request under § 1782 have been met, a court is not required to grant a § 1782 request. Rather, a court must consider several other factors to determine whether it should exercise its discretion under § 1782. *In re Clerici*, 481 F.3d at 1334 (citing *Intel Corpl v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 124 S.Ct. 2466, 159 L.Ed.2d 355 (2004)). The additional factors include: (1) whether the person from whom evidence is sought is a litigant in the foreign proceeding; (2) the nature of the proceeding pending abroad; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proofgathering restrictions or other policies of a foreign country or the United States;" and (4) whether the request is "unduly intrusive or burdensome." *In re Clerici*, 481 F.3d at 1334.

The first *Intel* factor weighs in favor of granting the request. The information sought by the Argentinian court pertains to assets that exist outside of the jurisdiction of the Argentinian court and, thus, are not within the possession, care or custody of any of the litigants, each of whom reside in Argentina.

The second *Intel* factor also weighs in favor of granting the request because the information is sought by a civil tribunal of Argentina for purposes of resolving the dissolution of a marriage and alimony request. The Letters Rogatory request that Merrill Lynch disclose whether Patricia Claudio Pititto or her husband Elio Gustavo Simonelli are the holder of a certain savings account. Ms. Pititto has filed suit to in Argentina seeking the dissolution of her marriage and a request for alimony. Ultimately, the requested information will help determine whether the savings account contains assets of the martial estate.

The third *Intel* factor also weighs in favor of granting the application because nothing suggests that this request is an attempt to circumvent foreign proofgathering limitations or other policies of the courts of Argentina or the United States. While the records and information sought by the Argentinian Court are held by a United States financial institution, the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. § § 3401 et seq., does not apply to this request under § 1782. *See Young v. U.S. Dept of Justice*, 882 F.2d 633, 638-39 (2d Cir. 1989)(finding FRPA did not apply to DOJ attorney who was acting in capacity as a commissioner under § 1782); *In re Letter of Request for Judicial Assistance from Tribunal Civil de Port-Au-Prince*, 669 F. Supp. 403, 407 (S.D. Fla. 1987)(finding RFPA inapplicable to request pursuant to 28 U.S.C. § 1782).[5] Last, the final *Intel* factor weighs in favor of granting the Application because the request does not appear to be unduly intrusive or overly burdensome. In light of the foregoing, the Court should exercise its discretion and grant the Application.

## CONCLUSION

Based upon the foregoing citations of authority, the United States respectfully requests that the Court grant the instant Application and enter an order appointing the

[5]There is no controlling Eleventh Circuit authority on the issue of applicability of RFPA to letters rogatory. As noted by this Court in a prior, similar case:

> The Eleventh Circuit's opinion in *In re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago*, 848 F.2d 1151, 1156 n.12 (11th Cir. 1988), *cert. denied*, 488 U.S. 1005 (1989), *abrogated by Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241[,124 S.Ct. 2466, 159 L.Ed.2d. 355] (2004), does not address the applicability of the RFPA to document requests from foreign governments; instead, the court noted that the financial records sought by the foreign tribunal would be released in accordance with RFPA.

*In re: Letter Rogatory from the Thirteenth Family Court, Superior Court of Justice of the Federal District of Mexico*, 8:07-mc-81-T-30EAJ, at *2 and n.1 (Oct. 4, 2007, M.D. Fla.).

undersigned Assistant United States Attorney as a Commissioner for the purpose of administering any necessary oaths, making an necessary certifications, issuing any necessary subpoenas, and otherwise taking actions necessary to obtain the evidence requested in the Letters Rogatory issued by the Argentinian Court.

Dated: December 31, 2015

Respectfully Submitted,

A. LEE BENTLEY
Acting United States Attorney

*/s/Laura G. Lothman*
LAURA G. LOTHMAN
Assistant United States Attorney
United States Courthouse
300 North Hogan Street, Suite 700
Jacksonville, Florida 32202-4270
Telephone No. (904) 301-6336/6300
Facsimile No. (904) 301-6310
Email: Laura.Lothman@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of December, 2015, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system. Further, I HEREBY CERTIFY that, on this same date, I mailed the foregoing document by first-class mail to the following non-CM/ECF participant listed below:

Merrill Lynch Pierce Fenner & Smith, Inc.
Attn: Megan Jordan
P.O. Box 40239
Jacksonville, FL 32203

Merrill Lynch – Third Party Services
4800 Deer Lake Drive, East
Building 1 1st Floor A-Wing
Jacksonville, FL 32246

/s/Laura G. Lothman
LAURA G. LOTHMAN
Assistant United States Attorney